WILLIAM COLBURN AND AL. *versus* PEOPLES M. GROVER AND AL.

By the common law, the plea of *nul disseizin* so far admits the demandant's claim to the freehold, that he need not prove the tenant's possession.

The possession of the demanded premises by the tenant, is admitted by the plea of the general issue.

The plea of nontenure is required to be in abatement and not in bar.

The disclaimer allowed to be filed by way of brief statement under the general issue must " be filed within the time required for filing pleas in abatement, and not after, except by special leave of the court, and on such terms as the court shall direct."

On REPORT by APPLETON, J.

This action is brought to recover possession of lots No.

33 and 34, situate in the town of Lagrange. The plea was the general issue by both jointly, with a separate brief statement by Peoples M., disclaiming lot No. 34. Also, a separate brief statement by said George R., disclaiming lot No. 33, but admitting the possession of and claiming to own No. 34. And said Peoples M. admits the possession and claims to own No. 33. The pleadings were filed at this, the fifth, term. The plaintiffs claim both lots by levy on execution, in their favor, against the same defendants, made August 14, 1855, and duly recorded, and not invalidated. The date of the attachment was June 16, 1852, and both lots were levied upon as the property of said Peoples M. Grover.

*N. Wilson*, counsel for the plaintiffs.

*A. Knowles*, counsel for the defendants.

APPLETON, J. By the common law, the plea of *nul disseizin* so far admits the tenants' claim to have the freehold, that it is not incumbent on the demandant to prove the tenants' possession. *Burridge* v. *Fogg*, 8 Cush. R., 183 ; *Higbee* v. *Rice*, 5 Mass. R., 352. The possession of the demanded premises by the tenants is admitted by the plea of the general issue.

By R. S., ch. 145, s. 9, "by a brief statement under the general issue, the defendant may show that he was not in possession of the premises demanded, when the action was commenced, and disclaim any right, title and interest therein," &c. It was held in *Treat* v. *Strickland*, 23 Maine R., 235, that when the general issue is pleaded, and a brief statement of the special matters of defence, not embracing, however, non-tenancy or tenancy in common, is filed, no actual ouster need be proved, as the general issue admits the tenant to be in possession of the premises as tenant of the freehold. The brief statements by which the defendants deny that they are tenants of the freehold, and disclaim severally any interest in parts of the demanded premises, were filed five terms after that in which the action was entered. By an act passed

in 1846, ch. 221, the plea of non-tenure is required to be in abatement and not in bar of the action. By the same statute, the disclaimer allowed by R. S., ch. 145, s. 9, to be filed by way of brief statement under the general issue, is now to " be filed within the time required for filing pleas in abatement, and not after, except by special leave of the court, and on such terms as the court shall direct."

No such leave has been granted in the present case. The case must be tried upon the general issue—the special brief statements upon which the defendants rely not having been seasonably filed.

The plaintiff shows a good title to the premises demanded, by a levy, in which no defects have been pointed out or appear. By the general issue the defendants admit they are in possession; and as they show no title nor right thus to be in possession, they must be regarded as disseizors.

*Defendants defaulted.*